IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DEXTER W. WILLIAMS, | ) | No. C 11-2877 LHK (PR) |
| Plaintiff, | )<br>) | ORDER GRANTING MOTION<br>TO RE-OPEN; DISMISSING |
| v. | )<br>) | WITH LEAVE TO AMEND |
| PEOPLE OF STATE OF CALIFORNIA, | )<br>) | (Docket Nos. 9, 11) |
| Defendant. | ) | |

Plaintiff, proceeding *pro se*, commenced this action by filing a motion to strike and supporting memorandum of points and authorities. On June 22, 2011, mail addressed to Plaintiff was returned to the Clerk of the Court with a notation that they were undeliverable. On August 29, 2011, the Court dismissed this action pursuant to Northern District Local Rule 3-11, and entered judgment. On September 8, 2011, Plaintiff filed a letter stating that he received the order of dismissal and judgment, but could not understand why his mail was returned as undeliverable because he has been on death row at San Quentin State Prison since 1996. The Court construed the letter as a motion to re-open, and directed Plaintiff to file a complaint and either a filing fee, or a completed application to proceed in forma pauperis within thirty days. Plaintiff has timely complied with the Court's order. Plaintiff's motion for leave to proceed in forma pauperis is GRANTED in a separate order. For the reasons stated below, Plaintiff's complaint is DISMISSED with leave to amend.

Order Granting Motion to Re-Open; Dismissing with Leave to Amend
P:\pro-se\sj.lhk\cr.11\Williams877reopen

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.   Legal Claim

Plaintiff alleges in his complaint that the Fresno County Superior Court improperly ordered him to pay fines and restitution pursuant to state laws. Plaintiff claims that the imposition of fines and restitution violated the Ex Post Facto Clause, as well as his right to due process and equal protection.

Plaintiff names as Defendant, the State of California. However, the Eleventh Amendment bars from the federal courts suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985). To the extent Plaintiff wishes to sue Fresno County Superior Court, it is also prohibited by the Eleventh Amendment. *See, e.g.*, *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 & n.10 (9th Cir. 1987) (Eleventh Amendment bars suit against Superior Court of State of California regardless of relief sought). To the extent Plaintiff wishes to sue the judge who presided over his sentencing, a state judge is absolutely immune from civil liability for damages for acts performed in his judicial capacity. *See Pierson*

1  *v. Ray*, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C.
2  § 1983).  Thus, the Defendant is DISMISSED with prejudice from this suit.
3      Moreover, aside from a brief paragraph mentioning "ex post facto," and conclusory
4  references to federal statutes, it is unclear what federal rights Plaintiff asserts were violated.
5  Section 1983 does not impose liability for violations of duties of care arising out of state tort law.
6  *See DeShaney v. Winnebago County Social Servs. Dep't*, 489 U.S. 189, 201-03 (1989).  Plaintiff
7  mainly argues that the imposition of restitution and fines violated California statutes, but does
8  not assert what federal rights are at issue.  *See Easton v. Crossland Mortgage Corp*., 114 F.3d
9  979, 982 (9th Cir. 1997) (acknowledging that the mere reference of a federal statute in a pleading
10 will not convert a state law claim into a federal cause of action if the federal statute is not a
11 necessary element of the state law claim and no preemption exists).  Plaintiff's proper course of
12 action may be a challenge in the state courts to the imposition of his sentence.
13     However, if Plaintiff can in good faith state a cognizable federal claim, he may file an
14 amended complaint in which he cures the deficiencies mentioned above.

## CONCLUSION

16     For the foregoing reasons, the Court hereby orders as follows:
17     1.    The Clerk shall RE-OPEN this case.  Defendant is DISMISSED with prejudice.
18 Plaintiff's complaint is DISMISSED with leave to amend.
19     2.    If Plaintiff can cure the pleading deficiencies described above, he shall file an
20 AMENDED COMPLAINT within **thirty days** from the date this order is filed.  The amended
21 complaint must include the caption and civil case number used in this order (C 11-2877 LHK
22 (PR)) and the words AMENDED COMPLAINT on the first page.  The amended complaint must
23 indicate which specific, named Defendant(s) was involved in each cause of action, what each
24 Defendant did, what effect this had on Plaintiff, and what right Plaintiff alleges was violated.
25 Plaintiff may not incorporate material from the prior complaint by reference.  If Plaintiff files an
26 amended complaint, he must allege, in good faith, facts - not merely conclusions of law - that
27 demonstrate that he is entitled to relief under the applicable federal statutes.  **Failure to file an**
28

**amended complaint within thirty days and in accordance with this order may result in a dismissal of this action.**

3. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

4. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated:  11/3/11

*Lucy H. Koh*
LUCY H. KOH
United States District Judge