IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEXTER W. WILLIAMS,            ) | No. C 11-2877 LHK (PR) |
| Plaintiff,       ) | ORDER OF DISMISSAL |
| v.                                         ) | |
| PEOPLE OF STATE OF CALIFORNIA, ) | |
| Defendant.    ) | |

Plaintiff, proceeding *pro se*, commenced this action by filing a motion to strike, along with a supporting memorandum of points and authorities. On September 21, 2011, the Court directed Plaintiff to file either a complaint or a petition. On October 17, 2011, the Plaintiff filed a motion to strike the trial court's imposed fines and restitution, alleging that the erroneous removal of funds violated California law. On November 3, 2011, the Court dismissed Plaintiff's motion with leave to amend. In the order, the Court informed Plaintiff that he needed to name a proper Defendant. Plaintiff's "motion" had listed the People of the State of California as a Defendant, which is barred under the Eleventh Amendment. *See Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985). Further, Plaintiff did not clearly assert what federal rights were violated. *See Easton v. Crossland Mortgage Corp*., 114 F.3d 979, 982 (9th Cir. 1997) (acknowledging that the mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of

Order of Dismissal
G:\PRO-SE\SJ.LHK\CR.11\Williams877dis.wpd

the state law claim and no preemption exists).  The Court advised Plaintiff that the proper course of action for him might be to file suit in state court to challenge the imposition of his sentence. Nevertheless, the Court instructed Plaintiff to file an amended complaint if he could cure the deficiencies stated.

On November 30, 2011, Plaintiff filed an amended complaint.  He continues to name the People of the State of California as the sole Defendant.  As previously stated, the State of California is immune from suit.  *See Atascadero State Hosp.*, 473 U.S. at 237-38.  Accordingly, Plaintiff's amended complaint is DISMISSED.

Alternatively, Plaintiff fails to state a claim for relief.  It appears that the gist of his argument is that he was sentenced to death in trial court.  According to Plaintiff, his judgment has been stayed pending his automatic appeal.  Plaintiff believes that, in light of this stay, his restitution should also have been stayed.  He asserts that the imposition of restitution is thus illegal.  Plaintiff's claim is better suited in state court.  As long as the sentencing order is in place, prison officials have no constitutional duty to review the legality of the sentence imposed. *Cf. Stein v. Ryan*, 662 F.3d 1114, 1119-20 (9th Cir. 2011) (affirming the dismissal of a Section 1983 claim because prisoner had no due process or Eighth Amendment right to have prison officials release him from prison, even though the sentencing order was legally incorrect under a later-decided state supreme court case).  "[N]o reasonable prison official would understand that executing a court order without investigating its potential illegality" would violate the prisoner's constitutional rights.  *Id.* at 1119.

## CONCLUSION

For the foregoing reasons, this action is DISMISSED.

IT IS SO ORDERED.

Dated: 1/12/12

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

Order of Dismissal
G:\PRO-SE\SJ.LHK\CR.11\Williams877dis.wpd        2